Zegelstein v Nanto MK Corp. (2020 NY Slip Op 00236)





Zegelstein v Nanto MK Corp.


2020 NY Slip Op 00236


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10767 651743/18

[*1] The Elsa Zegelstein Revocable Living Trust, Plaintiff-Respondent,
v
Nanto MK Corp., et al., Defendants, Kanaya Masahiro also known as Masahiro Kanaya also known as Mark Kanaya, Defendant-Appellant.


Todd V. Lamb, New York, for appellant.
The Schutzer Group, PLLC, New York (Eric P. Schutzer of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered February 15, 2019, which denied defendant Kanaya Masahiro a/k/a Masahiro Kanaya a/k/a Mark Kanaya (Kanaya)'s, motion to dismiss the complaint as against him, pursuant to CPLR 3211(a)(1) and (5), unanimously affirmed, without costs.
Plaintiff's January 5, 2015 email, which was attached to the complaint and upon which plaintiff relies, when read in its entirety, does not "conclusively establish[] a defense to the asserted claims as a matter of law" (see CPLR 3211[a][1]). This includes claims that are premised on facts that allegedly occurred prior to the January 5th email. It also does not conclusively establish that Kanaya was to be released as guarantor of the lease as of the date of the email.
The guaranty at issue states that it is to remain in effect "to the latest date that Tenant and its assigns and subleases [sic], if any, shall have completely performed all of the following: (i) [v]acated and surrendered the [premises] to the Landlord pursuant to the terms of the Lease, and (ii) [d]elivered the keys to the [premises] to the Landlord, and (iii) paid to Landlord all Accrued Rent to and including the date which is the later of (a) the actual receipt by Landlord of said Accrued Rent, (b) the surrender of the [premises] or (c) receipt by Landlord of the keys to the [premises]."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK